UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CHRISTOPHER TRACY,<br><br>               Plaintiff,<br><br>v.<br><br>1835 COLUMBIA STREET LP,<br><br>               Defendant. | Case No.: 23-cv-2066-RSH-AHG<br><br>**AMENDED ORDER REMANDING CASE** |

On November 9, 2023, the Court issued an Order to Show Cause, ordering the Parties to show cause why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 3. The Court's OSC noted that Defendant filed a notice of removal based on diversity jurisdiction. The Court explained that it was unable to determine the Parties' respective states of citizenship based on the record before it and that the forum defendant rule under 28 U.S.C. § 1441(b)(2) may apply.[1] On November 30, 2023, Defendant filed a

---

[1] 28 U.S.C. § 1441(b)(2) provides that an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

1

response to the Court's OSC. ECF No. 4. On the same day, Plaintiff filed a response.[2] ECF No. 6.

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Defendant's response confirms that all partners of its limited partnership are California citizens, such that Defendant is a citizen of California. ECF No. 4-1, Resendes Decl. ¶ 2. The citizenship of Plaintiff, who alleged in his complaint and affirms in his response to the OSC that he is a *resident* of California [*see* ECF No. 6, Tracy Decl. ¶ 2], remains unresolved. With regard to the forum defendant rule, Defendant maintains that this rule does not apply here because Defendant has not been "properly . . . served." ECF No. 4 at 2. Nevertheless, Defendant identifies a split among federal district courts regarding the application of the forum defendant rule when a forum defendant has been properly joined but not served. *See Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1130 (N.D. Cal. 2012). Plaintiff argues that the forum defendant rule prevents removal here.

Plaintiff requests that the Court remand the case to the San Diego Superior Court. In its response to the Court's OSC, Defendant states, "Because there is doubt about jurisdiction, Defendant does not oppose remand, and requests the Court dismiss the action so the state court action may resume." ECF No. 4 at 3. The Court construes Defendant's request for dismissal as its agreement that the case should be remanded.

//

//

---

[2] The Court issues this amended order remanding the case because at the time of its original order remanding the case, Plaintiff's response was not yet entered on the docket.

Accordingly, the Court hereby **REMANDS** this case to the San Diego County Superior Court. The Clerk of Court is **DIRECTED** to close the case.

    **IT IS SO ORDERED**.

Dated: December 1, 2023

_____
Hon. Robert S. Huie
United States District Judge